Public Trustee, Plaintiff, *v.* William M. Barrett, as President of Adams Express Company, Defendant.

First Department, December 7, 1928.

*Howard Thayer Kingsbury* of counsel [*Frederic R. Coudert* with him on the brief; *Coudert Brothers*, attorneys], for the plaintiff.

*Branch P. Kerfoot* of counsel [*Hamilton Vreeland, Jr.*, with him on the brief; *Scudder, McCown, Stockton & Kerfoot*, attorneys], for the defendant.

Proskauer, J. The parties submit a controversy upon agreed facts. The plaintiff is a corporation sole of Great Britain, charged with duties similar to those of the Alien Property Custodian in the United States. The defendant, the Adams Express Company, is a joint stock association organized under the common law of the State of New York, with a branch in London. The express company, prior to the outbreak of the European War in 1914, had purchased certain railroad tickets from the Wiener Bank-Verein, an Austrian corporation, and was indebted to that corporation in the sum of some £215. After the outbreak of the European War, the plaintiff applied to the English High Court of Justice, Chancery Division, for an order to compel the express company to pay this debt to the Public Trustee. Upon that application an order in chancery was made directing the payment, with a proviso

that nothing further was to be done in the matter without further order of the court, and also with a proviso permitting, but not directing, the Public Trustee to lend the amount of this payment at interest to the Adams Express Company. On June 25, 1917, the Adams Express Company, pursuant to this order, paid the money to the Public Trustee. About a week thereafter the Public Trustee lent the same sum of money to the Adams Express Company and took from it a receipt which recited that the transaction was a loan payable on demand. The plaintiff here seeks to recover the amount of this loan.

The defense is that the original order in chancery was improvidently made, that it should not have been made, and that it constituted a species of duress which brought about the initial payment from the Adams Express Company to the Public Trustee.

Both plaintiff and defendant argue at length whether the order of the English High Court of Justice is *res adjudicata*. In our view of the case we need not determine that question. Even if we were to assume that the Public Trustee originally acted wrongfully in exacting the payment from the Adams Express Company, we should still be confronted with the proposition that the Public Trustee is here suing merely for the repayment of a loan made one week after this alleged wrongful exaction by him. If there were before us pleadings instead of a submission of controversy, the only thing the defendant could raise would be something in the nature of a counterclaim or set-off against the Public Trustee arising out of this alleged wrongful exaction, and I see no basis upon which we can hold that obedience in England to an order of the English court could be regarded as action under duress merely because we might think the order was improperly made. The claim upon which we must pass is merely one for the repayment of the loan.

For these reasons there should be judgment for the plaintiff, with costs.

Dowling, P. J., Merrell, Martin and O'Malley, JJ., concur.

Judgment directed for plaintiff, with costs. Settle order on notice.